UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| VICTOR M. KERN,<br><br>        Plaintiff,<br><br>        v.<br><br>TIMOTHY J. BALLAND,<br>SALLY I. ROBERTSON, and<br>WADENA COUNTY<br>ATTORNEY'S OFFICE,<br><br>        Defendants. | Civil No. 11-2467 (RHK/LIB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts,

which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff is attempting to sue three Defendants identified as Timothy J. Balland, Sally I. Robertson, and Wadena County Attorney's Office. Plaintiff's complaint includes several vague references to "patents" and "patent infringement," but it does not include any factual allegations that could support a patent infringement action against any of the named Defendants (or anyone else). Indeed, Plaintiff's complaint does not describe any specific historical facts that could support any actionable claim for relief against any party under any conceivable legal theory.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. The complaint is plainly inadequate, because it does not present a clear, comprehensible and credible description of any specific acts or omissions by any of the named Defendants. Plaintiff has not presented an intelligible description of any specific historical events, showing what the named Defendants allegedly did (or failed to do) that has caused them to be sued. Furthermore, Plaintiff has not described any plausible legal basis for his lawsuit, nor has he identified any specific past or impending injury that might be redressable by a court order or judgment. Thus, the Court finds that Plaintiff's complaint fails to state any cause

of action on which relief can be granted.

Because Plaintiff has failed to plead an actionable claim for relief, the Court will recommend that his IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: September 6, 2011

                                          s/Leo I. Brisbois
                                          LEO I. BRISBOIS
                                          United States Magistrate Judge

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by September 20**, **2011** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.